ANDREA M. KIMBALL (State Bar No. 196485)
SNR DENTON US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone:     (816) 460-2400
Facsimile: (816) 531-7545
Email:     andrea.kimball@snrdenton.com

MARIE LEGGON WRIGHTEN (State Bar No. 167221)
VIRGINIA K. YOUNG (State Bar No. 174384)
SNR DENTON US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:     (213) 623-9300
Facsimile: (213) 623-9924
Email:     marie.wrighten@snrdenton.com
           virginia.young@snrdenton.com

Attorneys for Defendant
WIRELESS LIFESTYLE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KEVIN FRAZIER, an individual; DEJESUS LIBRAN, an individual; on behalf of themselves and all other similarly situated current and former employees,<br><br>    Plaintiffs,<br><br>vs.<br><br>WIRELESS LIFESTYLE, INC., a Kansas Corporation, and DOES 1 through 50, Inclusive,<br><br>    Defendants. | No. 3:11-cv-05192-MMC<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

- 1 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Plaintiffs Kevin Frazier and Dejesus Libran and Defendant Wireless Lifestyle Inc., subject to approval by the Court, hereby stipulate and agree as follows with respect to the disclosure of confidential material by the parties in this litigation:

1. <u>PURPOSES AND LIMITATIONS</u>

This Stipulation and Order shall govern the production, use and disclosure of all material and information in this Action constituting, containing or disclosing, in whole or in part, "Protected Material," as defined herein. This Stipulation and Order shall also apply to all other parties who appear in this action and whose counsel has received a copy of this Stipulation and Order.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. This Protective Order, as set forth in Section 10 below, creates no entitlement to file confidential information under seal. The parties agree to cooperate if any Court Standing Order or local rule requires prior approval before filing any documents under seal.

2. <u>DEFINITIONS</u>

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

2.3. "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c). Counsel shall not designate Discovery Materials as "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

2.4. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Counsel shall not designate Discovery Materials as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" without first making a good faith determination that protection is warranted.

2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. Producing Party: a Party or non-party that produced Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8. Protected Material: material/information of any type (including, but not limited to, communications and recordings contained in testimony, documents, discovery responses, e-mail, and all other media of expression) that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including but not limited to: (1) proprietary technical information and specifications; (2) trade secrets; (3) confidential know-how, including business plans, policies on sales strategies; (4) proprietary business and financial information; (5) social security numbers, personal or employee

financial information, tax returns, driver's license numbers, and other personal or private information, and (6) any other sensitive information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the entity from which the information is obtained or of a third-party not a party to this Action. The parties will use reasonable care to avoid designating as "Protected Material" any document or information that (i) is in the public domain; or (ii) does not fall into any of the items stated in (1) through (6) of this subparagraph.

  2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.10. <u>In-house Counsel</u>: attorneys who are employees of a Party.

  2.11. <u>Counsel</u>: (without qualifier): Outside Counsel and In-house Counsel (as well as their support staffs).

  2.12. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an Expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g. photocopying; videotaping; translating; class administration; settlement mediation; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other

settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court shall have jurisdiction to enforce the terms of this Order for a period of six months after final termination of the action.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection: each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for any improper purpose (e.g. to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g. second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this

Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings or the redactions) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material. If only a portion or a portions of the material on a page qualified for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings or the redactions) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or</u>

<u>trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify that level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary</u>, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."

5.3. <u>Inadvertent Disclosures or Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If any party accidentally produces privilege material, the Receiving Party shall promptly return such materials without waiver of any right to challenge the designation of any document in the future.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly or in writing with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of

the challenge process only if it has engaged in this meet and confer process first.

6.3. Judicial Intervention: If a Designating Party elects not to change a confidentiality designation after considering the basis offered by the challenging Party, the challenging Party may file and serve a motion seeking to remove the designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Stipulation and Order restricts the right of the Designating Party to make such use or disclosure of its own documents or material that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as it otherwise is entitled to make. In addition, a

Designating Party does not waive the classification of its own material and/or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if such Designating Party discloses such information to non-parties for any reason.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) name plaintiff(s) and the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who signed the "Agreement to Be Bound by Protective Order" (Exhibit A); in particular, Defendant will require any deposition witnesses produced by Defendant to sign a non-disclosure agreement;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or attempting to settle this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under

this Protective Order.

(g) the author of the document or the original source of the information.

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise order by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel, including the secretarial, legal assistant and office staffs of such attorneys, to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-house Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or attempting to settle this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) the author of the document or the original source of the information (collectively, the "Approved Persons"). Approved Persons having access to Protected Material shall not disclose such Protected Material to any person not bound by this Stipulation and Order and shall not use such material/information for any purpose other than for purposes of this litigation.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in any other litigation or matter that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation or matter that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other litigation or matter that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best

efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with any Standing Orders or Local Rules, which may require the filing of an application and proposed order with the Court.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilation, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain any archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contains Protected Material. Any such archival copies that contain or constitute

Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1. Right to Further Relief: Nothing in this order abridges the right of any person to seek its modification by the Court in the future.

12.2. Right to Assert Other Objections: The entry of this Order does not affect any Party's right to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the proposed introduction into evidence of any of the material covered by this Protective Order.

12.3. Modification: This Order is subject to further court orders based upon public policy and other considerations. The Court may modify this Order *sua sponte* in the interest of justice.

Dated: April 5, 2012                POLLARD BAILEY

                                    By /s/ Matt Bailey
                                    MATT CRAIG BAILEY
                                    *Attorneys for Plaintiff*


Dated: April 5, 2012                SNR DENTON US LLP

                                    By /s/ Marie Leggon Wrighten
                                    MARIE LEGGON WRIGHTEN
                                    *Attorney for Defendant*

PURSUANT TO THIS STIPULATION OF THE PARTIES,

**IT IS SO ORDERED.** Further, any party seeking to file any document or portion thereof under seal shall comply with Civil Local Rule 79-5.

DATED: April 10, 2012               /s/ Maxine M. Chesney
                                    Hon. Maxine Chesney
                                    United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ (print or type full name), of _____ (print or type full address), declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Kevin Frazier, et al v. Wireless Lifestyle, Inc., Case No 3:11-CV-05192-MMC*. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provision of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

SNR DENTON US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300